**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-6441**

———————

UNITED STATES OF AMERICA,

                   Plaintiff – Appellee,

     v.

CLEVELAND LAQUINCY GRIFFIN, a/k/a Q,

                   Defendant – Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., District Judge. (3:07-cr-00926-JFA-1; 3:10-cv-70281-JFA)

———————

Submitted:  May 24, 2012           Decided:  May 31, 2012

———————

Before MOTZ and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Cleveland Laquincy Griffin, Appellant Pro Se. John David Rowell, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cleveland LaQuincy Griffin seeks to appeal the district court's order denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2011) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on April 25, 2011. The notice of appeal was filed on March 8, 2012.[*] Because Griffin failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

materials before the court and argument would not aid the decisional process.

                                                          <u>DISMISSED</u>